IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | **UNDER SEAL** |
| v. | ) | |
| | ) | Case No. 1:20-cr-239 |
| ALEXANDA AMON KOTEY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EL SHAFEE ELSHEIKH, | ) | |
| | ) | |
| Defendants. | ) | |

FILED OCT - 6 2020 CLERK, U.S. DISTRICT COURT RICHMOND, VA

GOVERNMENT'S MOTION TO SEAL INDICTMENT
PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the Indictment, arrest warrant, and this Motion to Seal and proposed Order until the Court enters an order unsealing this matter upon further motion of the United States.

**I.    REASONS FOR SEALING** (Local Rule 49(B)(1))

1.    The FBI and the United States Attorney's Office for the Eastern District of Virginia have been investigating the defendants, Alexanda Amon Kotey ("Kotey") and El Shafee Elsheikh ("Elsheikh"). Kotey and Elsheikh were leading participants in a brutal hostage-taking scheme targeting American and European citizens, and others, from 2012 to 2015. During the conspiracy described in the Indictment, Kotey and Elsheikh engaged in a prolonged pattern of physical and psychological violence against the hostages. Kotey and Elsheikh were also leading figures and fighters for the Islamic State of Iraq and al-Sham (ISIS), a foreign terrorist organization. Kotey and Elsheikh were captured together on or about January 4, 2018, by the Syrian Democratic Forces as they attempted to escape Syria for Turkey. They are currently

1

overseas in the custody of the United States military.

2. Premature disclosure of the charges against the defendants would create an unnecessary security risk associated with the transfer of these defendants from overseas military custody to the United States. Premature disclosure of these charges before they have been transferred from their current location overseas could disrupt the safe and orderly transfer of these defendants to the United States. The United States will promptly move to unseal the Indictment after the defendants are transferred to the FBI's custody and are en route to the Eastern District of Virginia and/or have arrived in the Eastern District of Virginia. Until then, however, the charging documents must also remain under seal to preserve the integrity of the ongoing criminal investigation.

**II. REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

3. The Court has the inherent power to seal indictments. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the Indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d

514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. For the reasons explained above, the Indictment would need to remain sealed until the Court enters an order unsealing this matter upon further motion of the United States.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

6. Given the unique circumstances of this case, *i.e.*, the defendants are currently in the custody of the United States military overseas, the government respectfully moves for the Indictment and arrest warrant to remain sealed – with the exception that the Indictment and arrest warrant are unsealed for the limited purpose of disclosing the existence of or disseminating the Indictment and/or arrest warrant to relevant United States, foreign, or intergovernmental authorities, at the discretion of the United States and in connection with efforts to prosecute the defendants or to secure the defendants' arrest, extradition or expulsion, or as otherwise required for purposes of national security. The government will inform the relevant United States, foreign, or intergovernmental authorities that the matter is sealed.

[CONTINUED ON NEXT PAGE]

WHEREFORE, the United States respectfully requests that the Indictment, arrest warrant, and this Motion to Seal and proposed Order be sealed until the Court enters an order unsealing this matter upon further motion of the United States.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Dennis M. Fitzpatrick
Raj D. Parekh
John T. Gibbs
Aidan Taft Grano
Assistant United States Attorneys