IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:20-cr-239-TSE |
| ALEXANDA AMON KOTEY and EL SHAFEE ELSHEIKH, | Hon. T.S. Ellis III |
| *Defendants.* | |

### ORDER

Before the Court is a Motion of the United States to Certify Case as Complex Under the Speedy Trial Act. In accordance with 18 U.S.C. § 3161(h)(7) of the Speedy Trial Act, the Court hereby **GRANTS** the motion (Dkt. 18). At the October 9, 2020 arraignments of the defendants, defense counsel represented that both defendants waive their rights under the Speedy Trial Act. Although it is important for defendants to make this waiver, the right to a speedy trial is a public right and the Court must make findings in accordance with the Speedy Trial Act.

In addition to the oral findings stated on the record during the defendants' arraignments on October 9, 2020, the Court further **FINDS** that this case is unusual and complex within the meaning of § 3161(h)(7)(B)(ii) because the indictment alleges serious offenses spanning approximately seven years, all of which involve primarily overseas conduct. The government has represented that discovery will be complex and voluminous, involving a substantial amount of documents and other evidence, including some evidence in foreign languages, evidence obtained from foreign countries through mutual assistance treaties, and classified information that may require pretrial proceedings under the Classified Information Procedures Act, 18 U.S.C. app. 3.

1

The Court further **FINDS** that granting a continuance is necessary pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), because of the complexity of discovery and this case, defendants and their counsel need time to receive and assess the evidence provided by the government in order to prepare their defense. In addition, certain defense counsel need to renew or obtain security clearances for themselves or their associates who will assist in preparation of the defense. Defense counsel have also represented that circumstances and restrictions related to the COVID-19 pandemic make it practically difficult to schedule regular, adequate communication with their clients to discuss the case and prepare their defense.

Because of the complexity of discovery and defense counsel's need to review evidence and prepare a defense, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the 70-day period contemplated by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).

Based on these oral and written findings, the Court **FINDS** that the ends of justice are served by a continuance until January 15, 2021, which outweigh the best interests of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

Accordingly, it is hereby **ORDERED** that a status conference will be set for January 15, 2021, and that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the period from and including October 7, 2020, through and including January 15, 2021, shall be excluded in computing the time within which the trial must commence.

Date: 10/13/20
Alexandria, Virginia

T. S. Ellis, III
United States District Judge

2