IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:20-cr-239-TSE |
| ALEXANDA AMON KOTEY and EL SHAFEE ELSHEIKH, | Hon. T.S. Ellis III |
| *Defendants.* | |

### **ORDER**

On March 5, 2021, the parties appeared before the Court for a status conference in person and through their counsel. The parties jointly presented the Court with proposed schedule for pre-trial motions, an evidentiary hearing, and a trial date. The Court has previously made findings in accordance with § 3161(h)(7) of the Speedy Trial Act, specifically, that this case is unusual and complex within the meaning of § 3161(h)(7)(B)(ii), such that pursuant to § 3161(h)(7)(A) a continuance outweighs the best interests of the public and the defendants in a speedy trial. *See* Order Dated Oct. 13, 2019 (Dkt. 27); Order Dated Dec. 17, 2020 (Dkt. 39), at 1 & n.1.

At the conclusion of the March 5, 2021, hearing, the Court orally made the required ends-of-justice findings under the Speedy Trial Act, 18 U.S.C. § 3161, based on the volume of discovery, defense counsels' need to prepare, and the special circumstances of the COVID-19 pandemic, including defense counsels' previous inability to meet with their client in-person to review discovery as a result of the pandemic. Specifically, the Court finds, in conjunction with the representations by the Government and the Defendants, that the following factors justify excluding the period from and including March 5, 2021, through and including January 18, 2022, in computing the time within which the trial must commence:

1

The indictment alleges serious offenses involving primarily international conduct spanning approximately seven years. The government has represented to the Court that it expects to bring witnesses to Alexandria, Virginia, for trial from seven different countries. The Government has also represented that it has produced terabytes of discovery, including classified material, and expects to produce additional discovery, including up to 300 pages of classified material.

Because of the volume and complexity of discovery and this case, defendants and their counsel need time to receive and review the substantial volume of evidence provided by the government in order to prepare their defense. In addition, certain defense counsel continue the process of obtaining security clearances for themselves or their associates who will assist in preparation of the defense.

Defense counsel have represented that circumstances and restrictions related to the COVID-19 pandemic have imposed limitations on their ability to schedule regular telephonic and video communication, establish meaningful attorney-client relationships, provide their clients with access to discovery or generally prepare their defense. Prior to the March 5 status conference, defense counsel had not been able to meet their clients in-person.

Defense counsel has also represented to the Court that they may seek additional discovery based on the government's classified disclosures. In addition, the parties represented that they expect pre-trial litigation, including submissions and at least one hearing under the Classified Information Procedures Act, 18 U.S.C. app. 3.

Because of the volume and complexity of discovery, the limitations imposed by the COVID-19 pandemic on defense counsel's ability to confer with their clients in person, review discovery or conduct their own investigation, and defense counsels' need to prepare a defense, the Court FINDS that it is unreasonable to expect adequate preparation for pretrial proceedings or for

the trial itself within the 70-day period contemplated by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).

For the reasons stated, the Court finds that the ends of justice are served by the setting of a January 18, 2022, trial date as the reasons stated by counsel and set-forth herein outweigh the best interests of the public and the defendant in a speedy trial.

Accordingly, it is hereby ORDERED that the period from and including March 5, 2021, through and including January 18, 2022, shall be excluded in computing the time within which the trial must commence.

Date: 3/9/21
Alexandria, Virginia

Hon. T.S. Ellis, III
United States District Judge

3