IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-239 |
| | ) | |
| ALEXANDA AMON KOTEY, | ) | Hon. T.S. Ellis, III |
| | ) | |
| Defendant. | ) | Trial: Jan. 18, 2022 |

**DEFENSE OPPOSITION TO PROCEEDING *EX PARTE* ON GOVERNMENT'S CIPA § 4 MOTION FOR PROTECTIVE ORDER**

Alexanda Amon Kotey objects to the filing of the government's motion pursuant to § 4 of the Classified Information Procedures Act ("CIPA") *ex parte*, Dkt. No. 58. The defense moves this Court for an order denying the government's request for an *ex parte* filing and authorizing Mr. Kotey's cleared defense counsel to access to the government's § 4 motion. At the very least, the government should be required to disclose to cleared defense counsel its legal arguments in support of the *ex parte* application and/or why it believes proceeding *ex parte* is proper in this instance. Because defense counsel hold security clearances and are authorized to review classified material in connection with this case, disclosure of "methods and means" to this limited set of cleared counsel would not jeopardize national security, especially since review of any such material would occur in the defense's designated SCIF. Accordingly, this Court should allow defense counsel to review the government's *ex parte* CIPA § 4 filing with the Court to ensure the adversarial proceedings and confrontation rights that are a hallmark of the American criminal justice system and

the United States Constitution.

### *Statutory Background*

Section 4 of CIPA permits the government to delete, summarize, or substitute specified items of classified information before providing the items in discovery, but only "upon a sufficient showing" that full production of the information would pose a reasonable danger to national security. *See* 18 U.S.C. App. 3 § 4. *See also United States v. Abu-Jihaad,* 630 F.3d 102, 141 (2d Cir. 2010) (the state secrets privilege to withhold information applies under CIPA Section 4 only if "there is a reasonable danger that compulsion of the evidence will expose . . . matters which, in the interest of national security, should not be divulged.").

While the Court may permit the government to make that showing *ex parte*, the statute does not authorize *ex parte* proceedings by default. *See* 18 U.S.C. App. 3 § 4 ("The court *may permit* the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone." (emphasis added)). Nothing in the statute permits the government to make *ex parte* submissions as a matter of right. Rather, the use of the permissive "may" in the text of § 4, instead of the mandatory "shall," makes clear that courts retain discretion to reject *ex parte* submissions on a case-by-case basis. By contrast, when Congress intends to require *ex parte* procedures in the national security setting, it knows how to articulate that mandate. For example, in the Foreign Intelligence Surveillance Act ("FISA"), Congress declared that the Court "shall" review FISA applications, orders, and related materials *ex parte* whenever the Attorney General submits an affidavit

asserting that an adversarial proceeding would harm national security. *See* 50 U.S.C. § 1806(f) (2000).

**Ex Parte *Proceedings Are "Anathema," Even In National Security Cases***

*Ex parte* proceedings are strongly disfavored. *See, e.g., Guenther v. Commissioner of Internal Revenue,* 889 F.2d 882, 884 (9th Cir. 1989) ("*ex parte* proceedings are anathema in our system of justice" (internal quotation marks and citation omitted)), *appeal after remand,* 939 F.2d 758 (9th Cir. 1991). By their very nature, *ex parte* proceedings impair the integrity of the adversary process. As the Supreme Court has recognized, "[f]airness can rarely be obtained by secret, one-sided determination of facts decisive of rights . . . . No better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it.'" *United States v. James Daniel Good Real Prop.,* 510 U.S. 43, 55 (1993) (absent exigent circumstances, due process clause requires government to provide notice and meaningful opportunity to be heard before seizing real property subject to civil forfeiture) (*quoting Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 170-72 (1951) (Frankfurter, *J., concurring*))).

These presumptions do not change because the proceedings implicate classified information. *United States v. Rezaq,* 156 F.R.D. 514, 526 (D.D.C. 1994) ("*Rezaq* I") ("The government may make its case for privilege 'in the form of a written statement to be inspected by the court alone,' but *ex parte* filings are not required nor even favored." (citations omitted)), *vacated in part on other grounds by* 899 F. Supp. 697 (D.D.C. 1995) ("*Rezaq* II"). Rather, they should be "permitted only in the rarest of

3

circumstances." *See Rezaq II,* 899 F. Supp. at 707. *See also, e.g., United States v. Libby*, 429 F. Supp. 2d 46, 48 (D.D.C. 2006). In *United States v. Libby*, the Court established a procedure for evaluating the necessity of an *ex parte* CIPA § 4 filing, requiring that any government submission:

> necessarily include a declaration or affidavit, executed by an intelligence community official with the requisite classification authority, that (1) describes the reasons for the classification of the information at issue; (2) sets forth the potential harm to national security that could result from its disclosure; and (3) explains why the defense, based upon appropriate classification guidelines, does not have a "need-to-know" the information in its unaltered form.

429 F. Supp. 2d 18, 25 (D.D.C. 2006), *amended by* 429 F. Supp. 2d 46 (D.D.C. 2006). It added that, "[u]pon receipt of such a filing, the Court will review it and determine whether the filing should remain *ex parte,* or whether all or some portion of it should [be] provided to the defendant." *Id. See also Bostan v. Obama,* 674 F. Supp. 2d 9, 27 (D.D.C. 2009) (Guantanamo Bay *habeas* case where court adopted the same procedure for evaluating *ex parte* submissions under CIPA § 4).

### *Proceeding* Ex Parte *Is Not Justified In This Case*

There is no reason to abandon the usual presumption against *ex parte* proceedings here. Mr. Kotey is represented by cleared counsel who are officers of the Court and who can review the information—or at the very least, the government's pleadings seeking to justify proceeding *ex parte*—in a SCIF inside the courthouse. To the extent that the government is concerned the information that is the subject of the § 4 proceedings could be shared with Mr. Kotey, a limited protective order can prevent that. Under these circumstances, the government cannot plausibly contend that

4

sharing its § 4 submission with court-appointed counsel for review in a SCIF under the protections of a CIPA protective order would endanger national security. *See United States v. Libby,* 429 F. Supp. 2d at 4-23 (recognizing that "there are fewer threats to national security in disclosing classified documents to a defendant and his attorney who have obtained security clearances, than when disclosure is made to someone who has not received security clearances."). Any argument on the subject matter can be held in closed hearings, just as would be done for motions pertaining to classified information.

*Ex parte* filing without any sort of argument or adversarial proceeding leaves every defendant in a worse position than he would have before CIPA was passed. The defense cannot blindly challenge the government's claim that *ex parte* proceedings are appropriate, much less to the need for discovery of the subject information. As such, Mr. Kotey will be deprived of his right to counsel and confrontation at this stage, as well as the other fair trial rights to which he is constitutionally entitled. Cleared defense counsel has the same need to know—in fact, more so. Unlike the prosecution whose argument usually is that CIPA is necessary to protect the "means and method" by which the information which itself does not implicate national security is procured, the defense has a responsibility and duty to represent an individual—here a person who is facing life in prison. On the other side of the ledger, the government's concerns about security and disclosure of classified information can readily be addressed by limiting disclosure to cleared counsel and imposing a protective order tailored to the § 4 proceedings.

This Court cannot be expected to stand in the shoes of defense counsel. In deciding whether to close a hearing to the public because of potential classified information the District Court in *United States v. Marzook* explained that:

> [i]t is a matter of conjecture whether the court performs any real judicial function when it reviews classified documents in camera. Without the illumination provided by adversarial challenge and with no expertness in the field of national security, the court has no basis on which to test the accuracy of the government's claims.

412 F. Supp. 2d 913, 921 (N.D. Ill. 2006) (internal citation and quotation omitted). *See also Alderman v. United States,* 394 U.S. 165, 182 (1969) (rejecting government's suggestion that court make *ex parte* determination of impact of Fourth Amendment violation because "[an] apparently innocent phrase, a chance remark, a reference to what appears to be a neutral person or event, the identity of a caller or the individual on the other end of a telephone, or even the manner of speaking or using words may have special significance to one who knows the more intimate facts of an accused's life. And yet that information may be wholly colorless and devoid of meaning to one less well acquainted with all relevant circumstances." In short, as the Supreme Court has recognized, "[i]n our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate." *Dennis v. United States,* 384 U.S. 855, 875 (1966).

The government may contend that its effort to withhold classified information from the defense would be defeated by an adversarial hearing involving the defense, courts have routinely rejected this flawed logic. *See, e.g., United States v. Abu-Jihaad*, 630 F.3d 102, 142-143 (2d Cir. 2010) (acknowledging it was reviewing district

6

court's "exercise of *discretion* to proceed *ex parte*" (emphasis added)). Rather, the courts have consistently acknowledged that trial judges retain discretion to reject *ex parte* filings under CIPA § 4. *See id.*

Allowing defense counsel who "obtain[ed] a security clearance" access to alleged national security material in a SCIF "is consistent with CIPA's imposition on the district courts of a mandatory duty to prevent the unauthorized disclosure of classified information." *In re Terrorist Bombings of U.S. Embassies in East Africa,* 552 F.3d 93, 122 (2d Cir. 2008) (holding defendant's due process rights properly protected, despite his exclusion from all CIPA proceedings, because his cleared counsel were permitted to attend those proceedings and participate on his behalf). The government can further protect the information by seeking a limited protected order for purposes of these proceedings. However, even if this Court deems that these protections are insufficient to protect the information that is the subject of the government's CIPA § 4 motion, this Court should require that the government's arguments for proceeding *ex parte* are disclosed to cleared defense counsel. At the very least, the defense should be permitted to contest the government's claim that *ex parte* proceedings are necessary through the adversarial process the Constitution guarantees.

*   *   *

For the foregoing reasons, Mr. Kotey respectfully moves this Court to deny the government's application to conduct the CIPA § 4 process *ex parte*. Alternatively, this Court should require the government to serve its CIPA § 4 motion on the defense or

to file a motion for leave to file *ex parte* and, in either case, permit the defense an opportunity to respond.

    Respectfully Submitted,

    ALEXANDA AMON KOTEY

    By Counsel,

    Geremy C. Kamens
    Federal Public Defender

    /s/ Cadence Mertz
    Brooke Sealy Rupert
    Va. Bar No. 79729
    Cadence A. Mertz
    Va. Bar No. 89750
    Assistant Federal Public Defenders
    Office of the Federal Public Defender
    1650 King Street, Suite 500
    Alexandria, Virginia 22314
    (703) 600-0840 (tel)
    (703) 600-0880 (fax)
    Cadence_Mertz@fd.org

    Barry Coburn
    Va. Bar No. 36907
    Marc Eisenstein
    Coburn & Greenbaum PLLC
    1710 Rhode Island Ave. NW
    Second Floor
    Washington, D.C. 20036
    (202) 657-4490 (tel)
    (866) 561-9712 (fax)
    Barry@coburngreenbaum.com

    Sabrina Parvin Shroff
    *Admitted pro hac vice*

>Assistant Federal Defender
>Office of the Federal Public Defender
>for the District of Columbia
>625 Indiana Avenue, N.W.
>Washington, D.C. 20004
>(202) 208-7500 (tel)
>Sabrina_Shroff@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2021, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon all counsel of record.

>/s/ Cadence Mertz
>Cadence A. Mertz
>Va. Bar No. 89750
>Office of the Federal Public Defender
>1650 King Street, Suite 500
>Alexandria, Virginia 22314
>(703) 600-0840 (tel)
>(703) 600-0880 (fax)
>Cadence_Mertz@fd.org