IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:20-cr-239 |
| | ) | |
| ALEXANDA AMON KOTEY, | ) | |
| | ) | |
| Defendant. | ) | |

**Government's Response in Opposition to
Defendant's Objection to Proceeding *Ex Parte***

On May 15, 2021, the government filed an *ex parte*, *in camera* motion under § 4 of the Classified Information Procedures Act ("CIPA"). (ECF No. 58.) On June 1, 2021, the defendant filed an "Opposition To Proceeding *Ex Parte* On Government's CIPA § 4 Motion." (ECF No. 65.) Through this motion, the defendant seeks an order from the Court barring the government from proceeding *ex parte*, or, in the alternative, requiring the government to publicly justify its decision to file its CIPA motion *ex parte*.

The Court should deny the motion. The defendant cites no relevant authority for his claimed entitlement to the government's classified filing. Indeed, his request would frustrate the very purpose of CIPA § 4. Permitting defense counsel to access the government's classified filing would eviscerate the protections afforded by the statute, thus rendering them meaningless. Nor does defense counsels' possession of a security clearance change the analysis, as numerous courts have held.

For the reasons explained below, the Court should deny the defendant's extraordinary request.

**Argument**

CIPA § 4 provides, in pertinent part, that a district court,

> upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. *The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.*

18 U.S.C. App. III § 4 (emphasis added). In essence, § 4 allows the government to request that the Court review, *ex parte* and *in camera*, classified information to determine whether it is discoverable under Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure through various means if it is discoverable. *See United States v. Moussaoui*, 591 F.3d 263, 281 (4th Cir. 2010) ("CIPA provides procedures for protecting classified information without running afoul of a defendant's right to a fair trial."). Rule 16 of the Federal Rules of Criminal Procedure provides similarly:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. *The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.*

Fed.R.Crim.P. 16(d)(1) (emphasis added). CIPA's provisions complement and clarify the Court's power under Rule 16(d). *See Moussaoui*, 591 F.3d at 281–82. And under the Rule, "good cause" "includes the protection of information vital to the national security." *Id.* (citation omitted).

In *United States v. Abu Ali*, the Fourth Circuit noted that determinations under CIPA "may be based upon an ex parte showing that [] disclosure would jeopardize national security interests." 528 F.3d 210, 253 (4th Cir. 2008). Courts of appeals have uniformly upheld *ex parte* proceedings under CIPA § 4. *See United States v. Sedaghaty*, 728 F.3d 885, 904–05 (9th Cir. 2013); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261-62 (9th Cir. 1998); *see also, e.g.*, *United States v. Amawi*, 695 F.3d 457, 472-73 (6th Cir. 2012) (citing cases); *United States v. Mejia*, 448 F.3d 436, 457–58 (D.C. Cir. 2006); *United States v. Pringle*, 751 F.2d 419, 427–28 (1st Cir. 1984).

Given the purpose of § 4, this makes eminent sense. As the D.C. Circuit put it, "since the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." *Mejia*, 448 F.3d at 457 (quoting H.R. Rep. No. 96–831, pt. 1, at 27 n. 22 (1980)).

The defendant seeks to invert the purpose of CIPA, asking the Court to provide him "access to the government's § 4 motion." Def. Mot. 1. But again, this would defeat the very aim of the statute, which is "to provide a means for the courts to oversee the government's authority to delete evidence from discovery. To permit defense counsel to participate in such a hearing would frustrate the aim of CIPA." *Amawi*, 695 F.3d at 472; *see also United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) ("The right that [CIPA] section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view.").

Anticipating the government's response, the defendant asserts that "courts have routinely rejected [the] flawed logic" which maintains that an adversarial hearing under CIPA § 4 would defeat the government's efforts to withhold classified information. Def. Mot. 6. The defendant is wrong. Courts have *not* "routinely rejected" that logic, as the cases cited above demonstrate. The defendant cites a single case for this proposition, and even that is inapposite. *See* Def. Mot. 6–7 (citing *United States v. Abu-Jihaad*, 630 F.3d 102 (2d Cir. 2010)). All *Abu-Jihaad* held was that the district court "acted well within its discretion" in reviewing a CIPA Section 4 motion *ex parte* and *in camera*. 630 F.3d at 143. In fact, in reaching this conclusion, the Second Circuit characterized the defendant's argument that the district court erred in proceeding *ex parte* as "unconvincing." *Id.* And in finding no error in the district court's approach, *Abu-Jihaad* cited its prior cases on the issue, such as *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008), which held

3

that "[i]n a case involving classified documents, . . . *ex parte*, *in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information. When the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." (internal quotation marks and citations omitted); *see also United States v. Stewart*, 590 F.3d 93, 132 (2d Cir. 2009) (identifying no error in district court's *ex parte*, *in camera* review of materials subject to CIPA motion because such a "method for protection of classified material is necessary," and CIPA procedures "have been established by Congress and held to be constitutional"). In other words, far from rejecting the argument the government offers here, *Abu-Jihaad* affirmatively endorsed it.

The defendant's rejoinder to the well-settled principles outlined above is that defense counsels' possession of a security clearance entitles them to review the government's CIPA § 4 motion. But that argument too has been routinely rejected. As numerous courts have recognized, "the simple fact that defense counsel [holds a] security clearance[] does not mean that the attorneys [are] entitled to access the government's classified filings." *Sedaghaty*, 728 F.3d at 909. Two recent cases are instructive on this point.

In *United States v. Muhanad Mahmoud Al-Farekh*, the Second Circuit rejected the defendant's argument that "where a defense counsel has an appropriate security clearance, the District Court may not adjudicate the CIPA motions *ex parte* and must give defense counsel access to the classified information." 956 F.3d 99, 107 (2d Cir. 2020). In so holding, the Second Circuit first noted that "notwithstanding the rarity of *ex parte* proceedings in criminal matters, there can be no question that a district court's *ex parte*, *in camera* adjudication of CIPA motions falls squarely within the authority granted by Congress." *Id*. The court then stated that "[n]othing in the text of § 4 limits the District Court's authority to review classified information *ex parte* only where

4

defense counsel lacks a security clearance[,]" further observing that the defendant's "proposed rule cannot be reconciled with CIPA as enacted by Congress and interpreted by our Court." *Id*.

The Court went on to note that CIPA § 4 "makes clear" that it is the district court that decides "in the first instance" whether the classified information is discoverable. *Id*. In addition to the plain text of § 4, *Al-Farekh* held that CIPA's structure supported its conclusion. First, CIPA § 6 demonstrates that Congress knew exactly how "to provide for the participation of defendants in certain *in camera* proceedings[.]" *Id*. But it did no such thing in § 4. Moreover, CIPA § 7 permits the government to file an interlocutory appeal from a district court's decision denying a protective order. Yet, "[i]f a defendant's counsel was required to participate in a § 4 proceeding and be provided access to classified information . . . the alternative relief authorized in these provisions would be rendered insignificant, if not meaningless." *Id*. at 107–108.

Ultimately, the Second Circuit rejected the same argument the defendant makes here, concluding that, "because it may well be that the information in a § 4 motion is not discoverable at all, [the defendant's] theory would permit a defendant represented by counsel with a security clearance to gain access to classified information that would otherwise be unavailable to the defendant. That possibility could result in the improper disclosure of information that, by its very nature, may put the national security of the United States at risk." *Id*. at 108.

The Sixth Circuit has come to the same conclusion, albeit in a different procedural posture. In *United States v. Asgari*, the government filed a CIPA § 4 motion seeking to withhold irrelevant classified information. 940 F.3d 188, 189 (6th Cir. 2019). The district court initially granted the motion but reconsidered its decision after learning that defense counsel possessed a top-secret security clearance. *Id*. Having reconsidered the matter, the district court ordered the government to disclose to defense counsel the classified material it had previously declared irrelevant. The government appealed under CIPA § 7.

The Sixth Circuit reversed, concluding that "the existence of a security clearance by itself does not change the equation or offer a legitimate basis for changing course, and above all it does not alter the directive of the Act that the district court make these decisions on an ex parte basis." *Id*. at 191. Continuing, the Sixth Circuit held that "[n]othing in § 4 suggests that defense counsel has a role to play when the district court assesses the relevance or helpfulness of the classified information. Just the opposite. The statute refers to the district court's assessment of these factors through an ex parte hearing ("a written statement to be inspected by the court alone") that occurs without the defendant's knowledge ("If the court [grants relief] following such an ex parte showing, the entire text of the statement of the United States shall be sealed."). *Id*. at 192 (quoting 18 U.S.C. app.3 § 4). *Asgari* also explained that CIPA § 4 "vests the *district court*, a confidential arbiter, with responsibility to evaluate the information's relevance[,]" and "[d]efense counsel's security clearance becomes relevant if and only if the court determines the material should be disclosed." *Id*. at 191; *see also Amawi*, 695 F.3d at 473 ("The possession of a security clearance only becomes relevant after the district court determines, in accordance with section 4, that any classified information is discoverable.").

The Sixth Circuit also rejected the same argument the defendant appears to make here, that any risk to national security is diminished because of defense counsels' security clearance. As the court put it, "this argument does not move the needle either. Section 4 expresses a clear view of what measures are necessary to protect against improper disclosure. Whether defense counsel has a security clearance or not, top secret or not, are considerations that do not explain why we can read defense counsel's involvement into the § 4 relevance inquiry." *Id*. at 192.

Other courts of appeals, including the Fourth Circuit, have held in an analogous context that merely possessing a security clearance does not entitle defense counsel to classified Foreign Intelligence Surveillance Act information. *See, e.g.*, *United States v. Dhirane*, 896 F.3d 295, 301

6

(4th Cir. 2018) ("[W]e reject the defendants' challenge to the FISA framework and thus to the district court's decision not to disclose the classified FISA materials to the defendants' counsel under that framework, even though, as the defendants repeatedly noted, their counsel had the requisite security clearance."); *United States v. Daoud*, 755 F.3d 479, 484 (7th Cir. 2014) ("It's also a mistake to think that simple possession of a security clearance automatically entitles its possessor to access to classified information that he is cleared to see."); *United States v. El–Mezain*, 664 F.3d 467, 568 (5th Cir.2011) ("[W]e are unpersuaded by the defendants' argument that the Government's interest is diminished because defense counsel possess security clearance to review classified material.").

Finally, the defendant's passing references to due process and confrontation clause concerns are misplaced. *See* Def. Mot. 1, 3, 5, 7. As a preliminary matter, the defendant "has no due process right to receive a description of materials in the government's possession that are not discoverable." *Sedaghaty*, 728 F.3d at 909. Moreover, as to the defendant's confrontation clause concern, that argument is "foreclosed by the Supreme Court's decision in *Pennsylvania v. Ritchie*, which held that the right to confrontation is a trial right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination, and does not create a right to pretrial discovery." *Mejia*, 448 F.3d at 458 (rejecting argument that defendants' "Sixth Amendment right to confront witnesses was "eviscerated by . . . [the] denial of [their] participation in the [CIPA] decision as to whether . . . the [classified] material could be disclosed, and [by] the denial of an opportunity to review the materials." (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987))).

At bottom, although the defendant complains about his inability to access the government's classified filing in this case, this predicament "is not without close analogies." *Id*. "When a court (rather than the prosecutor alone, as is ordinarily the case) reviews evidence in camera to determine

whether it constitutes a witness statement subject to disclosure under the Jencks Act, 18 U.S.C. § 3500(b), or exculpatory material subject to disclosure under *Brady*, the defendant is likewise not entitled to access any of the evidence reviewed by the court to assist in his argument that it should be disclosed." *Id*. (internal quotation marks and citation omitted); *see also United States v. Lustyik*, 833 F.3d 1263, 1271 (10th Cir. 2016) (noting district court's *in camera* review of classified material was similar to circumstances courts routinely face in addressing confidential or private information).

As to the defendant's request for the government to disclose its legal argument for proceeding *ex parte*, that too finds no basis in the statute. Under CIPA § 4, the government may make a request to "delete" or "substitute" classified information "in the form of a written statement to be inspected *by the court alone*." 18 U.S.C. app. 3 § 4 (emphasis added). If the Court grants the motion after this "ex parte showing," then "*the entire text of the statement of the United States shall be sealed* and preserved in the records of the court to be made available to the appellate court in the event of an appeal." *Id.* (emphasis added). There is simply no foundation in the statute for the defendant's request. *See United States v. Mohammad*, No. 15-cr-358 (EAS), 2017 WL 2568834, at *3 (N.D. Ohio June 13, 2017) (rejecting identical request and noting that "§ 4 does not distinguish between the Government's legal and factual arguments."); *United States v. Ahmed*, No. 10-cr-131 (PKC), 2011 WL 4915005, at *6 (S.D.N.Y. Sept. 23, 2011) (rejecting similar request).

The justifications for filing the pending CIPA § 4 motion *ex parte* are amply set forth in the government's classified filing. To the extent the defendant is concerned that the Court cannot perform as well as defense counsel in this context, courts have permitted defendants to submit their own *ex parte* "theory of the case" to alleviate such concerns. *See Muhanad Mahmoud Al-Farekh*, 956 F.3d at 109 ("Here, notwithstanding the District Court's authority to review the CIPA filings

without comment by Al-Farekh, the District Court met *ex parte* with defense counsel so that counsel could present Al-Farekh's theory of the case and his potential defenses."); *United States v. Mohamad Jamal Khweis, 1:16-cr-143*, ECF. Nos. 94-95 (E.D. Va. Feb. 14-15, 2017) (O'Grady, J.) (Khweis was charged in this Court with terrorism-related offenses following his overseas travel to ISIS-controlled territory and filed a "Notice for Discovery Review" which he stated "is intended to aid the Court when reviewing the Government's *ex parte* [CIPA] submission." In response, the Court issued an order stating that "the defendant may file Defendant's Notice for Discovery Review *ex parte* for *in camera* review."); *United States v. Shehadeh*, 857 F. Supp. 2d 290, 293 (E.D.N.Y. Apr. 19, 2012) (noting that court held "an *ex parte* conference with defense counsel to glean insight into defense strategy so as to ensure informed evaluation and identification of any items of information that could be 'helpful or material'"); *United States v. Khan*, No. 9-cr-621 (NRB), 2010 WL 330241, at *3 (S.D.N.Y. Jan. 20, 2010) (accepting *ex parte* information from defense counsel); *United States v. Libby*, 429 F. Supp. 2d 18, 26 (D.D.C. 2006) ("[T]he Court will provide the defendant the opportunity to submit an *ex parte* affidavit from counsel detailing the defense so that the Court will be in a more informed position to determine whether the government's proposed redactions or substitutions for a particular document adequately provide the defendant with what he needs to pursue his defense."). The government has no objection to the defendant pursuing this course, should the Court permit it.

Finally, it bears mentioning that courts are not blind to the defendant's concerns. But while the defendant asserts that "[t]his Court cannot be expected to stand in the shoes of defense counsel[,]" (Def. Mot. 6), that is exactly what CIPA requires. As the Sixth Circuit has noted, "we must place ourselves in the shoes of defense counsel, the very ones that cannot see the classified record, and act with a view to their interests. *See Amawi*, 695 F.3d at 471. "Acting as if we were in essence standby counsel for the defendants, we must determine what may be 'relevant and

helpful' to them. This is not a position that we relish, yet it is required by CIPA[.]" *Id.*; *see also Mejia*, 448 F.3d at 458 (observing similarly).

## Conclusion

For the reasons explained above, the Court should deny the defendant's request for access to any portion of the government's CIPA § 4 motion.

                        Respectfully submitted,

                        Raj Parekh
                        Acting United States Attorney

By:            /s/

Dennis M. Fitzpatrick, AUSA
Raj Parekh, Acting U.S. Attorney
John T. Gibbs, AUSA
Aidan Taft Grano, AUSA
Alicia Cook, SAUSA
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700

## Certificate of Service

I hereby certify that on June 14, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
Alicia Cook
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700