IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:20-cr-239 |
| ) | |
| ALEXANDA AMON KOTEY, ) | |
| ) | |
| Defendant. ) | |

**ELEMENTS BRIEF OF THE UNITED STATES**

On May 17, 2021, the government filed an *ex parte*, *in camera* motion under § 4 of the Classified Information Procedures Act ("CIPA"). (ECF No. 58.) On June 1, 2021, the defendant filed an "Opposition To Proceeding *Ex Parte* On Government's CIPA § 4 Motion." (ECF No. 65.) On June 28, 2021, the Court denied the defendant's motion in opposition and directed the government to file a brief providing the elements of each charged offense. (ECF No. 68)

The Grand Jury returned an indictment against Alexanda Amon Kotey and El Shafee Elsheikh on October 6, 2020, charging conspiracy to commit hostage-taking and hostage-taking resulting in death in violation of 18 U.S.C. § 1203, conspiracy to murder United States nationals outside of the United States in violation of 18 U.S.C. § 2332(b)(2), conspiracy to provide material support or resources to terrorists resulting in death in violation of 18 U.S.C. § 2339A, and conspiracy to provide material support or resources to a designated foreign terrorist organization resulting in death in violation of 18 U.S.C. § 2339B.

    **I.**    **Conspiracy to Commit Hostage Taking Resulting in Death, 18 U.S.C. § 1203(a)**

        1.    <u>Essential Elements</u>

To find a defendant guilty of conspiring to commit hostage-taking resulting in death, in violation of 18 U.S.C. § 1203(a), the government must prove that:

(1) two or more persons entered into a conspiracy, the object of which was to commit hostage taking as described in the indictment;

(2) at some time during the existence or life of the conspiracy, the defendant knew of the purpose of the conspiracy;

(3) with knowledge of the purpose of the conspiracy, the defendant deliberately joined the conspiracy;

(4) to establish jurisdiction, where, as here, the offense took place outside the United States, the government must prove beyond a reasonable doubt at least one of the following: (A) the person seized or detained, or whose seizure or detention was the object of the conspiracy, was a national of the United States; (B) the defendant was found in the United States; or (C) the United States government was the organization sought to be compelled; and,

(5) the death of a person resulted from the offense.

The gravamen of the crime of conspiracy is an agreement to effectuate a criminal act. *United States v. Laughman*, 618 F.2d 1067, 1074 (4th Cir. 1980). The existence of a conspiratorial agreement need not be proven by direct evidence but may be inferred from the facts and circumstances of the case, *i.e.*, circumstances indicating that two or more persons acted in concert to achieve an illegal goal. *United States v. Burgos*, 94 F.3d 849, 857-58 (4th Cir. 1996)(en banc); *United States v. Manbeck*, 744 F.2d 360, 386 (4th Cir. 1984). One may be a member of a conspiracy without knowing its full scope, or all of its members, and without taking part in the full range of its activities or over the whole period of its existence. *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993). The *Pinkerton* doctrine imposes vicarious liability on a coconspirator for substantive offenses committed by other members of the conspiracy when their commission is reasonably foreseeable and in furtherance of the conspiracy. *United States v. Ashley*, 606 F.3d 135, 142-43 (4th Cir. 2010).

The following sections set forth the standard jury instructions further defining the law of conspiracy.

2. <u>Conspiracy – Existence of an Agreement</u>

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at some type of agreement or understanding that they, and perhaps others, would violate some laws by means of some common plan or course of action. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.

(<u>AUTHORITY</u>: 2 O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 31.04 (6th ed. 2008); *United States v. Burgos*, 94 F.3d 849, 860-61 (4th Cir. 1996)(observing that the conspiratorial agreement need not be explicit).)

3. <u>Conspiracy – Membership in an Agreement</u>

Before the jury may find that a defendant, or any other person, became a member of a conspiracy, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding in that conspiracy and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that a defendant knowingly and deliberately entered into an agreement to commit the offenses alleged, the fact that the defendant

did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the particular conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

(<u>AUTHORITY</u>: 2 O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 31.05 (6th ed. 2008); *United States v. Burgos*, 94 F.3d 849, 859 (4th Cir. 1996); *United States v. Brooks*, 957 F.2d 1138, 1147 (4th Cir. 1992); *Blumenthal v. United States*, 332 U.S. 539, 557 (1947) (a defendant need not have had knowledge of his coconspirators).)

        4.   <u>Success of Conspiracy Immaterial</u>

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

(<u>AUTHORITY</u>: 2 O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 31.08 (6th ed. 2008); *United States v. Min*, 704 F.3d 314, 321-22 (4th Cir. 2013))

**II.**      **Hostage Taking Resulting in Death, 18 U.S.C. §§ 1203(a) and 2**

With respect to the substantive 18 U.S.C. § 1203 allegations set forth in Counts 2 through 5 of the Indictment, the government's theory holds defendants Kotey and Elsheikh responsible as principal offenders in the captivity of four American victims. However, the defendants' criminal responsibility also includes aiding and abetting accomplice liability (*see* 18 U.S.C. § 2) and *Pinkerton* liability. A defendant is criminally responsible as a principal offender of a crime against the United States if the offender "aids, abets, counsels, commands, induces, or procures" the commission of the felony offense against the United States. 18 U.S.C. § 2. Criminal defendants need not assist in every element to be guilty on an aid and abet theory. Any aid is

sufficient. However, "an aiding and abetting conviction requires not just an act facilitating one or another element, but also a state of mind extending to the entire crime." *United States v. Rosemond*, 572 U.S. 65, 75-76 (2014). "[A] person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission." *Id*. At 76. Aiding and abetting a crime occurs when one "knowingly associated himself with and participated in the criminal venture." *United States v. Winstead*, 708 F.2d 925, 927 (4th Cir. 1983). Further, "participation in every stage of an illegal venture is not required, but only participation at some stage accompanied by knowledge of the result and intention to bring about that result." *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996).

1. Essential Elements

To find a defendant guilty of committing hostage-taking resulting in death, in violation of 18 U.S.C. §§ 1203(a) and 2, the government must prove that:

(1) the defendant seized or detained another person;

(2) the defendant threatened to kill or injure or continue to detain that person;

(3) the defendant acted knowingly and with the purpose to compel a third person or government organization to do or abstain from doing an act as an explicit or implicit condition for releasing the person detained;

(4) to establish jurisdiction, where, as here, the offense took place outside the United States, the government must prove beyond a reasonable doubt at least one of the following: (A) the person seized or detained was a national of the United States; (B) the defendant was found in the United States; or, (C) the United States government was the organization sought to be compelled; and,

(5) The death of a person resulted from the offense.

2. Definitions

To "seize or detain" means to restrain, hold or confine a person against that person's will and without that person's consent for an appreciable period of time. A seizure or detention need not be against the victim's will from inception, so long as at some point during the seizure or

5

detention, the victim was held against their will. *United States v. Tian*, 339 F.3d 143, 151 (2d Cir. 2003); *United States v. Carrion-Caliz*, 944 F.2d 220, 223 (5th Cir. 1991).

The government does not have to prove that the defendant used physical force or violence to restrain the hostages. It is sufficient that the defendant threatened, frightened, deceived or coerced the hostages so as to cause the hostage to remain under the defendant's control.

A threat is a serious statement expressing an intention to kill, injure or continue to detain someone as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. A statement is a threat if it was made under such circumstances that a reasonable person hearing or reading the statement would understand it as a serious expression of intent to inflict harm on that person detained.

The government must prove the defendant acted with the purpose of compelling a third party other than the person being held to do something, including paying a ransom, or refrain from doing something. Further, the defendant must have acted knowingly and intentionally, and not as a result of accident or mistake.

The term "government organization" includes the United States Government or any agency or department thereof.

### III. Conspiring to Murder United States Nationals Outside the United States, 18 U.S.C. § 2332(b)(2)

1. Essential Elements

To find a defendant guilty of conspiring to murder United States nationals outside the United States, in violation of 18 U.S.C. § 2332(b)(2), the government must prove that:

(1) two or more persons entered into a conspiracy, the object of which was to murder a national of the United States;

(2) the defendant knowingly and voluntarily became a member of the conspiracy, with the intent to further its unlawful purpose;

6

(3) the defendant engaged in the conspiracy while outside the United States; and

(4) one or more of the conspirators committed an overt act to effect the object of the conspiracy.

2. Definitions

The killing alleged in the indictment is murder as defined in 18 U.S.C. § 1111(a). Murder is the unlawful killing of a human being with malice aforethought. 18 U.S.C. § 1111(a). Murder includes any kind of willful, deliberate, malicious and premeditated killing. *Id*.

**IV. Conspiring to Provide Material Support to Terrorists Resulting in Death, 18 U.S.C. § 2339A.**

1. Essential Elements

To find a defendant guilty of conspiracy to provide material support or resources to terrorists in violation of 18 U.S.C. § 2339A, the government must prove that:

(1) two or more persons entered into a conspiracy, the object of which was for a co-conspirator to provide material support or resources to be used in preparation for, or in carrying out, the commission of a violation of 18 U.S.C. § 1203 (hostage-taking) or 18 U.S.C. § 2332 (murder of U.S. nationals outside the U.S.);

(2) knowing the object of the conspiracy, the defendant joined the conspiracy with the intent to further its purpose; and

(3) death resulted from the commission of the offense.

*See United States v. Hassan*, 742 F.3d 104, 111-12 (4th Cir. 2014).

2. Definitions

"Material support or resources" includes, among other things, any property such as money or weapons, any service, expert advice and assistance, and personnel, which may include the provision of one's self. 18 U.S.C. § 2339A(b)(1).

The term "expert advice or assistance" means advice or assistance derived from scientific, technical, or other specialized knowledge. 18 U.S.C. § 2339A(b)(2).

V.  **Conspiring to Provide Material Support to a Designated Foreign Terrorist Organization Resulting in Death, 18 U.S.C. § 2339B**

1. Essential Elements

To find a defendant guilty of conspiracy to provide material support or resources to a foreign terrorist organization in violation of 18 U.S.C. § 2339B, the government must prove that:

(1) two or more persons engaged in a conspiracy, the object of which was to provide material support or resources to a designated foreign terrorist organization;

(2) knowing the object of the conspiracy, the defendant joined the conspiracy with the intent to further its purpose;

(3) the defendant knew that the organization was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism; and

(4) death resulted from the commission of the offense.

2. Definitions

"Material support or resources" for purposes of 18 U.S.C. § 2339B is defined in 18 U.S.C. § 2339A(b)(1), and refers to the same activities and property described above. In the Intelligence Reform and Terrorism Prevention Act of 2004, Congress clarified the scope of "personnel" to mean the provision of one or more individuals to "work under that terrorist organization's direction or control." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 13 (2010). "Terrorist activity means activity that is unlawful under the laws of the place where it is committed, or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any State." *See* 8 U.S.C. § 1182(a)(3)(B)(iii). "Terrorist activity" includes violent crimes such as murder, kidnapping, hijacking, and use of explosives. *Id*. "Terrorism" means premeditated, politically motivated violence perpetrated against noncombatant groups by subnational groups or clandestine agents. *See* 22 U.S.C. § 2656f(d)(2).

In order to prove that a defendant knowingly and voluntarily joined the conspiracy, the government must prove that the substance of their agreement contemplated conduct that satisfied the elements of a substantive offense under Section 2339B.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____/s/_____
Dennis M. Fitzpatrick
John T. Gibbs
Aidan Taft Grano-Mickelsen
Assistant United States Attorneys
Alicia H. Cook
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700

**Certificate of Service**

I hereby certify that on July 9, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
Dennis M. Fitzpatrick
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700