FILED
IN OPEN COURT

SEP -2 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEXANDA AMON KOTEY,<br><br>Defendant. | No. 1:20-cr-239 |

PLEA AGREEMENT

Raj Parekh, Acting United States Attorney for the Eastern District of Virginia; undersigned counsel for the United States; the defendant, Alexanda Amon Kotey; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of this Plea Agreement are as follows:

1.  **Offenses and Maximum Penalties**

The defendant agrees to plead guilty to all of the offenses charged in the pending eight-count indictment, which charges the defendant with the following offenses:

Count One: Conspiracy to Commit Hostage Taking Resulting in Death in violation of 18 U.S.C. § 1203.

Count Two: Hostage Taking Resulting in the Death of James Wright Foley in violation of 18 U.S.C. §§1203 and 2.

Count Three: Hostage Taking Resulting in the Death of Kayla Jean Mueller in violation of 18 U.S.C. §§1203 and 2.

Count Four: Hostage Taking Resulting in the Death of Steven Joel Sotloff in violation of 18 U.S.C. §§1203 and 2.

    Count Five: Hostage Taking Resulting in the Death of Peter Edward Kassig in violation of 18 U.S.C. §§1203 and 2.

    Count Six: Conspiracy to Murder United States Citizens Outside of the United States in violation of 18 U.S.C. § 2332(b)(2).

    Count Seven: Conspiracy to Provide Material Support to Terrorists Resulting in Death in violation of 18 U.S.C. § 2339A.

    Count Eight: Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization Resulting in Death in violation of 18 U.S.C. § 2339B.

The maximum term of imprisonment for each count is life. Counts one through five require a mandatory-minimum term of life imprisonment. The maximum penalties for each offense also include a fine of $250,000, a special assessment pursuant to 18 U.S.C § 3013, and a maximum supervised release term of life pursuant to 18 U.S.C. § 3583(j). The defendant understands that any supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

    2.    **Detention Pending Sentencing**

The defendant understands that this case is governed by 18 U.S.C. §§ 3143(a)(2) and 3145(c). These provisions provide that a judicial officer shall order that a person who has been found guilty of offenses of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

    3.    **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the Statement of Facts filed with this Plea

Agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

4. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorneys have rendered effective assistance. The defendant understands that by entering into this Plea Agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a. the right to plead not guilty and to persist in that plea;

    b. the right to a jury trial;

    c. the right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial and at every other stage of the proceedings; and

    d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

5. **Sentencing Guidelines, Recommendations, and Roles**

The defendant understands that the Court is bound by statute to impose a mandatory life term of imprisonment, but that the Court will also determine the defendant's sentence in accordance with 18 U.S.C. § 3553(a), which includes the Court's determination of the United States Sentencing Guidelines applicable in this case. In accordance with Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the defendant stipulate and will recommend to the Court that the provisions of the Sentencing Guidelines set forth below apply in this case. The defendant understands, however, that the statute governing the defendant's guilty pleas to counts one through five of the indictment mandates a life term of imprisonment. The defendant understands that the final determination of the Guidelines will also advise a life term

of imprisonment. The defendant cannot withdraw his guilty plea based upon the sentence imposed at a sentencing hearing in this matter.

The stipulated and recommended Guidelines provisions applicable in this case are as follows:

| Guideline | Description | Offense Level |
|---|---|---|
| U.S.S.G. §2A4.1(a) | Base Offense Level: Kidnapping, Abduction, Unlawful Restraint | 32 |
| U.S.S.G. §2A4.1(b)(1) | Ransom demand or demand upon a government | +6 |
| U.S.S.G. §2A4.1(b)(2)(A) | Permanent or life-threatening bodily injury | +4 |
| U.S.S.G. §2A4.1(b)(3) | A dangerous weapon was used | +2 |
| U.S.S.G. §2A4.1(b)(4)(A) | Victim not released before 30 days elapsed | +2 |
| U.S.S.G. §3A1.4 | Terrorism | +12 |
| U.S.S.G. §3B1.1(a) | Aggravating Role | +4 |
| | Total Offense Level | 62 |

The United States and the defendant further agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

The parties agree to recommend to the Court that the sentences imposed on counts one through eight are served concurrently.

The parties further agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence outside of the advisory Guidelines range. Accordingly, the parties agree not to seek or support any sentence outside of the advisory Guidelines range for any reason not set out explicitly in this Plea Agreement.

6. **Waiver of Appeal, Extraordinary Sentence Reduction, FOIA, and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also knowingly and voluntarily waives the right to file for an extraordinary and compelling sentence reduction set forth in 18 U.S.C. § 3582(c)(1)(A)(i). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

7. **Immunity from Further Prosecution in The United States**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Indictment or Statement of Facts,

5

except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the Indictment as an offense. In such a prosecution, the United States may allege and prove conduct described in the Indictment or Statement of Facts. "Crime of violence" has the meaning set forth in 18 U.S.C. § 16.

### 8. Transfer Between the United States of America and the United Kingdom of Great Britain and Northern Ireland

Contingent upon the defendant's compliance with the terms of this Plea Agreement, the United States Attorney's Office for the Eastern District of Virginia agrees to take all reasonable measures under the law to seek the transfer of the defendant to the United Kingdom (U.K.) for prosecution by the U.K.'s Crown Prosecution Service after the defendant has served 15 years in the custody of the United States Department of Justice's Bureau of Prisons. Prior to his transfer to the United Kingdom, the defendant agrees to plead guilty in a U.K. prosecution by which he would accept responsibility for relevant violations of U.K. law and would further agree there is a realistic prospect of conviction and a prosecution is required in the public interest.

If an agreement between the defendant and the U.K. government is not reached or fulfilled for any reason, the defendant agrees that he is not released from this Plea Agreement or any sentence imposed upon his convictions of counts one though eight of the indictment. In addition to violating other provisions of U.K. law, including provisions in the United Kingdom's Terrorism Acts of 2000 and 2006, the defendant agrees that his conduct in Syria violated the following provisions of U.K. criminal law:

- Section 63B of the Terrorism Act 2000 – Murder of David Haines, Alan Henning, James Foley, Steven Sotloff and Peter Kassig;
- Section One of the Taking of Hostages Act of 1982 – Hostage Taking of John Cantlie, David Haines, Alan Henning, Kayla Jean Mueller, James Foley, Steven Sotloff, and Peter Kassig.

For these enumerated offenses, the defendant agrees that the maximum term of imprisonment in the United Kingdom is natural life without parole and that this would be a fair and proper punishment which shall be served consecutively to the punishment imposed in the United States. The defendant further agrees that should the sentence imposed upon him in the U.K. be shorter than a life sentence or if the actual sentence served in the U.K. is less than life for any reason, he would agree, upon completion of the U.K. sentence, to serve the remainder of his U.S.-imposed life sentence in the United Kingdom, if legally available, or he agrees to a transfer to the United States to serve the remainder of his sentence. The defendant knowingly and voluntarily waives any right to appeal the sentence or to seek his release in the United Kingdom at any time or for any reason.

The United States Attorney's Office for the Eastern District of Virginia agrees to take all reasonable steps under the law to seek the transfer of the defendant to the United Kingdom pursuant to the terms of this Plea Agreement, with the understanding that the transfer would be subject to the sole discretion of the United Kingdom.

The defendant will agree to a transfer pursuant to the U.K. Extradition Treaty of 2003, or pursuant to the Mutual Legal Assistance Treaty ("MLAT") between the United States of America and the United Kingdom of Great Britain and Northern Ireland, or by any other lawful means. Without prejudice to transfer under any other treaty provisions, or other lawful means, the defendant further agrees his transfer to the U.K. would be proper under Article 11 of the MLAT. Article 11 of the MLAT states:

"Transfer of Persons in Custody

1. A person in the custody of one Party whose presence in the territory of the other Party is sought for the purpose of providing assistance under this Treaty shall be transferred for that purpose if the person and both Parties consent."

Given that the defendant agrees to cooperate with the United States and British governments by truthfully disclosing all information known by him pursuant to the terms set forth in paragraphs 9 through 11 of this Plea Agreement, the defendant submits that his transfer under the terms of Article 11 would be proper, and the United States Attorney's Office for the Eastern District of Virginia agrees to take all reasonable measures to seek a transfer under any lawful means pursuant to the terms of this Plea Agreement.

The defendant agrees that if he fails to provide full, complete, and truthful cooperation as required by paragraphs 9 and 11 of this Plea Agreement, the United States will be released from its obligations under this Agreement, including the obligations described in this paragraph.

9. **Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

    a. The defendant agrees to be reasonably available for debriefing, conferences and meetings as the United States may require.

    b. The defendant agrees to cooperate with all foreign governments seeking information from the defendant.

    c. The defendant agrees to supervised direct meetings with all victim family members and released hostages, if those victims request any such meetings.

    d. The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

  e. The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

  f. The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

  g. The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government.

**10. Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the United States. Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

**11. Defendant Must Provide Full, Complete, and Truthful Cooperation**

This agreement is not conditioned upon charges being brought against any other individual. This agreement is not conditioned upon any outcome in any pending investigation. This agreement is not conditioned upon any result in any future prosecution that may occur

because of the defendant's cooperation. This agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This agreement is conditioned upon the defendant providing full, complete, and truthful cooperation, as set forth in paragraph 9 of this Plea Agreement.

**12.     Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613 and 18 U.S.C. § 3572, all monetary penalties imposed by the Court, including restitution, will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until all monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid monetary penalties. The defendant agrees to participate voluntarily in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

**13.     Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per felony count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(A).

14. **Restitution**

The defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(1), and the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses as determined by the Court. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant further agrees that an offense listed in Section 3663A(c)(1) gave rise to this Plea Agreement and, as such, victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct shall be entitled to restitution. Without limiting the amount of restitution that the Court must impose, the parties agree that, at a minimum, the families of the four American victims identified in the Indictment have suffered losses and are entitled to restitution.

The defendant understands that forfeiture and restitution are separate and distinct financial obligations that must be imposed upon a criminal defendant. The defendant further understands that restitution will be enforced pursuant to 18 U.S.C. § 3572, 18 U.S.C. § 3613, 18 U.S.C. § 3664(m), and 18 U.S.C. § 3681.

The parties acknowledge that determination of the identities, addresses, and loss amounts for all victims in this matter is a complicated and time-consuming process. To that end, defendant agrees that, pursuant to 18 U.S.C. § 3664(d)(5), the Court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90-day provision found at Section 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

15. **Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to waive all interest in the asset in any administrative

11

or judicial forfeiture proceeding, whether criminal or civil, state or federal. The assets in this case are the electronic/digital devices seized in the United Kingdom as evidence in this case. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the Indictment and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

16. **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture, including all electronic media devices seized as evidence in this case.

17. **Consent Given for Removal from the United States**

The defendant acknowledges that the defendant is removable from the United States and agrees not to contest any removal proceedings brought against the defendant by the U.S. Department of Homeland Security (DHS). If the DHS files a Notice to Appear or other

administrative charging document against the defendant, the defendant agrees to request an expedited removal hearing and to consent to removal. The defendant acknowledges that by consenting to removal, the defendant will be immediately removed from the United States upon the completion of any period of incarceration. The defendant knowingly waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this removal.

### 18. Waiver of Rights Related to Removal from the United States

The defendant agrees to waive the defendant's rights to apply for any and all forms of relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: (a) voluntary departure; (b) asylum; (c) withholding of deportation or removal; (d) cancellation of removal; (e) suspension of deportation; (f) adjustment of status; and (g) protection under Article 3 of the Convention Against Torture. As part of this Plea Agreement, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in, the United Kingdom on account of race, religion, nationality, membership in a particular social group or political opinion. Similarly, the defendant further acknowledges and states that he has not been tortured in the United Kingdom, nor does he have a present fear of torture in the United Kingdom.

### 19. Breach of the Plea Agreement and Remedies

This Plea Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts

13

to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

    b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

    c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of this Plea Agreement by a preponderance of the evidence.

**20. Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement or any associated documents

filed with the Court, to cause the defendant to plead guilty. Any modification of this Plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

RAJ PAREKH
Acting United States Attorney

By: *[signature]*
Dennis M. Fitzpatrick
John T. Gibbs
Aidan Taft Grano-Mickelsen
Assistant United States Attorneys
Eastern District of Virginia
Alicia H. Cook, Trial Attorney
United States Department of Justice

Defendant's Signature: I hereby agree that I have consulted with my attorneys and fully understand all rights with respect to the pending criminal Indictment. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 9-2-21         *[signature]*
                     Alexanda Amon Kotey

Defense Counsel's Signatures: We are counsel for the defendant in this case. We have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, we have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and we have fully explained to the defendant the provisions that may apply in this case. We have carefully reviewed every part of this Plea Agreement with the defendant. To our knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

*[signatures]*
Cadence Mertz
Brooke Sealy Rupert
Sabrina Parvin Shroff
Office of the Federal Public Defender
Counsel for Alexanda Amon Kotey

Date: _____

*[signatures]*
Barry Coburn
Marc Jason Eisenstein
Coburn & Greenbaum, PLLC
Counsel for Alexanda Amon Kotey

Date: 9/2/21

15