IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | Case No. 1:20-cr-239-TSE-2 |
| EL SHAFEE ELSHEIKH, | |
| Defendant. | Hearing Dates: November 16-19, 2021 |

GOVERNMENT'S UNOPPOSED MOTION TO SEAL EXHIBITS AND
SUBMIT EXHIBITS IN CAMERA PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49 of the

Local Criminal Rules for the United States District Court for the Eastern District of Virginia,

asks for an Order to Seal Exhibits and permission to submit the exhibits to the Court *in camera*.

These exhibits support the government's factual summary within its *Government's Response to*

*Defendant's Motion to Suppress,* filed October 22, 2021.   The exhibits contain audio recording

clips and corresponding transcripts of interviews of the defendant, photographs, as well as a

summary of statements the defendant made during Department of Defense interviews.    This

material has been previously disclosed to the defendant in pre-trial discovery and the government

will deliver these materials to defense counsel when the government files its motion.    The

government has conferred with counsel for the defendant and they raise no objection to this

motion.

## I.     REASONS FOR SEALING

1.      The government seeks to submit under seal and in camera numerous clips from interviews the defendant gave to others between March 2018 to August 2019.    The clips demonstrate, among other voluntariness factors, the defendant's demeanor, his level of engagement, his clarity and his comfort level while he was interviewed.    These factors support the government's position that these interviews were conducted voluntarily and the defendant exercised free will when engaging in these interviews.    The clips support the factual summary and the arguments the government makes in its response to defendant's motion to suppress. The government also seeks to submit under seal some relevant photographs and summaries of interviews conducted with the defendant by the U.S. Department of Defense.    All of this material should remain sealed unless and until the evidence is submitted at the pre-trial hearings or at the trial in this matter.

2.      Local Rule 57.1 governs the release of extrajudicial statements by a party in a pending criminal proceeding if any such statement concerns "any confession, admission, or statement given by the accused" and is likely to be further disseminated by the media.   This rule seeks to prevent the public dissemination of information of an evidentiary nature that would interfere with a fair trial or prejudice the defendant.   Although the government could file these exhibits publicly without violating this rule (as such a filing would not be an "extrajudicial statement"), we do believe that these exhibits will be further disseminated by, and discussed in, the press.   This case has had significant press coverage, and these exhibits, by their very nature, will be of interest to the media.   As such, putting them in the public domain now, prior to the hearing or trial, raises the same concerns as those addressed by Rule 57.1.   We ask, therefore,

that the exhibits remain sealed until publicly disclosed at the upcoming hearing or thereafter at trial.

## II.     REFERENCES TO GOVERNING CASE LAW

3.     In the exercise of its supervisory powers over the records necessary to resolve issues and also to ensure fairness, the Court has the inherent power to seal records including exhibits submitted pre-trial and pre-hearing.   *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975).   "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."   *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the exhibits supports the government's motion and is appropriate where there is a substantial probability that the release of the sealed documents would compromise the orderly administration of evidence and the fairness of the proceeding.   *See e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

## III.    PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL

4.      The exhibits will become unsealed when and if the exhibits are entered into evidence at a pre-trial hearing or trial in this matter.

5.      The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect the interests identified herein.

WHEREFORE, the United States respectfully requests that the exhibits in support of the *Government's Response to Defendant's Motion to Suppress* and this Motion to Seal and proposed Order be sealed until the exhibits are formerly admitted at a pre-trial hearing or at a trial in this matter.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:      _____/s/_____

John T. Gibbs
Assistant United States Attorney

4

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | Case No. 1:20-CR-239 |
| EL SHAFEE ELSHEIKH, | |
| Defendant. | |

ORDER TO SEAL

The UNITED STATES, pursuant to Local Rule 49 of the Local Criminal Rules for the

United States District Court for the Eastern District of Virginia, having moved to seal the

exhibits attached to the government's *Response to Defendant's Motion to Suppress*, filed

October 22, 2021, as well as the Motion to Seal, and proposed Order in this matter; and

The COURT, having found that prematurely revealing the material sought to be sealed

would jeopardize the orderly administration of the pre-trial hearings and trial in this matter;

having considered the available alternatives that are less drastic than sealing, and finding none

would suffice to protect the legitimate interest in fairness and the orderly administration of these

proceedings; and finding that this legitimate interest outweighs at this time any interest in the

disclosure of the material; it is hereby

ORDERED, ADJUDGED, and DECREED that the exhibits attached to the government's

*Response to Defendant's Motion to Suppress*, filed October 22, 2021, as well as the Motion to

Seal, and proposed Order in this matter, shall remain SEALED and may be submitted to the

Court *in camera*. Individual exhibits shall be UNSEALED when the exhibits are formally

admitted at a pre-trial hearing or trial in this matter.


                                                      _____

                                                      The Honorable T.S. Ellis, III

                                                      United States District Court Judge

Date: _____

       Alexandria, Virginia