# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | <u>*Redacted*</u> |
| v. | ) | |
| | ) | No. 1:20-cr-239 |
| **ALEXANDA AMON KOTEY,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON BOP PLACEMENT RECOMMENDATION

The defense has moved this Court to recommend to the Bureau of Prisons that it consider alternatives to incarcerating the defendant, Alexanda Kotey, at Florence ADX, an administrative maximum prison facility. Accordingly, having considered the defense motion and for good cause shown, it is hereby

ORDERED that the defendant's Motion for a Sentencing Recommendation is granted, and it is

FURTHER ORDERED that this Court **strongly recommends** that the Department of Justice and the Bureau of Prisons initially designate Mr. Kotey to a facility other than Florence ADX, and, more specifically, that the Department of Justice and the Bureau of Prisons evaluate Mr. Kotey for placement in a Communications Management Unit, as defined in BOP Program Statement 5214.02; and it is

FURTHER ORDERED that that Communications Management Unit may provide programming and limited interaction in a setting that still provides for communications monitoring and that total isolation is unnecessary considering the

characteristics of the defendant when weighed against the needs of the government; and it is

FURTHER ORDERED that the justifications for this recommendation include, but are not limited to the following:

- The defendant has an undisputed track record of clear conduct since he was taken into U.S. custody in October 2019. He has been detained at the Alexandria Adult Detention Center without incident since his transfer there in October 2020, as confirmed by the jail adjustment letter submitted in this case, Dkt. No. 301;

- The defendant also has maintained compliance with the Special Administrative Measures that have been in place in his case since November 2020;

- ███████████████████████████████████████

- Under one of the BOP's assessment metrics (BRAVO), which measures certain objective factors, the defendant has security points commensurate with minimum security offenders, although the Court understands there are other subjective factors, such as sentence length, that are part of the BOP's designation process. *See* Dkt. No. 296 (Exhibit A – Donson Declaration);

- The BOP's policy definition for maximum custody is for inmates who "have been identified as assaultive, predacious, riotous, serious escape risks, or seriously disruptive to the orderly running of an institution." *See id. See also* BOP Program Statement 5100.07, Ch. 2, at 3. There is no indication in this case that the defendant falls into any of these categories.[1] Therefore, under the BOP's own standards for maximum security the defendant would not ordinarily qualify for such a placement;

---

[1] The BOP considers all inmates with life sentences to be escape risks. While the BOP would therefore consider Mr. Kotey an escape risk per its guidelines, this is not based on any characteristic particular to Mr. Kotey, nor does it make him a "**serious** escape risk."

- Solitary confinement under conditions such as those at Florence ADX is deleterious to a person's mental and physical health, and its use should be limited to the most serious cases where no other conditions of confinement will be sufficient; and

- The BOP has two Communications Management Units, the purpose of which is to strictly monitor an inmate's communications with the community, but which also allow for inmates to have contact with others on the unit. These units are set up to achieve careful monitoring of the defendant's communications without the severe conditions of confinement that Florence ADX would entail.

And it is FURTHER ORDERED that if, notwithstanding this Court's strong recommendation to seriously consider alternatives to Florence ADX, including the Communications Management Units, the defendant is nevertheless designated to Florence ADX, the Department of Justice and the Bureau of Prisons shall provide this Court with a written explanation for that designation no later than 30 days after the designation is complete; and it is

FURTHER ORDERED that the Clerk provide a copy of this Order to counsel of record, the United States Marshals Service, the Bureau of Prisons, and the Federal Bureau of Investigation.

ENTERED this ____ day of April, 2022.

_____
Hon. T.S. Ellis, III
United States District Judge